UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Douglas Kiewel,                           Case No. 20-cv-1395 (ADM/LIB)

                    Plaintiff,

                                                **ORDER AND**
v.                                      **REPORT AND RECOMMENDATION**

Scott Hickok, et al.,

                    Defendants.

This matter comes before the undersigned United States Magistrate Judge upon Defendants Scott Hickok and the City of Fridley's Motion to Dismiss, [Docket No. 22], and Plaintiff James Douglas Kiewel's Motion to Compel Discovery of Defendants Answers to Rule 33 Interrogatories, [Docket No. 32]. All dispositive and non-dispositive motions in this matter have been referred to the undersigned by the Honorable Ann D. Montgomery. (Order [Docket No. 6]).

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss, [Docket Nos. 22], be **GRANTED**.

Further, for the reasons discussed herein, Plaintiff's Motion to Compel Discovery of Defendants Answers to Rule 33 Interrogatories, [Docket No. 32], is **DENIED as moot**.

## I.     PROCEDURAL HISTORY

Plaintiff initiated the present action on June 16, 2020, by filing his original pro se Complaint. [Docket No. 1]. Plaintiff also filed a motion to enjoin. [Docket No. 2]. Plaintiff filed a Certificate of Service indicating that his original Complaint and motion to enjoin had been personally served on Defendants on June 16, 2020. [Docket No. 4].

On June 30, 2020, this Court recommended that Plaintiff's motion to enjoin be denied. (Report and Recommendation [Docket No. 7]). Broadly and liberally construing Plaintiff's

original pro se Complaint in his favor, this Court found that Plaintiff's original Complaint alleged a single claim asserting that Defendants violated Plaintiff's right to equal protection under the law as secured by the United States Constitution. (Id. at 4). This Court recommended denying Plaintiff's request for a preliminary injunction because Plaintiff had not demonstrated a likelihood of success on the merits of his equal protection claim. (Id. at 4–12). This Court also noted that Plaintiff was raising a type of "sovereign citizen" or "revisionist legal theory" claim which has universally been found without substance of any kind. (Id. at 8–12).[1]

On July 6, 2020, Plaintiff filed his operative Amended Complaint. [Docket No. 8]. In his Amended Complaint, Plaintiff alleges that he is "a private citizen," that he owns a residence in Fridley, Minnesota (the "Residence"), and that he is "exercising [his] right to the free use and enjoyment of [his] property." (Am. Compl. [Docket No. 8], at 3–4).

According to Plaintiff's operative Amended Complaint and the exhibits attached thereto, on March 5, 2020, the "Fridley Rental Property Inspections Division" of the City of Fridley, Minnesota, mailed Plaintiff a letter stating that "county records reflect[ed] a current non-homestead status," on the Residence at issue, and it was "assumed the occupants [were] renting the property." (Id. at 5; see also, Ex. 1 [Docket No. 8-1], at 1). The letter further provided that because it appeared that "the property [was a] rental, the City of Fridley [was] requiring a Rental License and rental inspection." (Ex. 1 [Docket No. 8-1], at 1). The letter requested that Plaintiff complete the provided application and pay the required fee by no later than March 19, 2020. (Id.).

Plaintiff further alleges that on June 2, 2020, a document entitled "POSTED To PREVENT OCCUPANCY" was placed upon the Residence. (Am. Compl. [Docket No. 8], at 6–7; Ex. 2,

---

[1] On July 16, 2020, this Court's recommendation was adopted. (Order [Docket No. 9]).

[Docket No. 8-1], at 2) (capitalization in original). The document was signed by Scott Hickok, and it indicated that his title was "Community Dev [sic] Director." (Ex. 2, [Docket No. 8-1], at 2).

On the basis of the assertions in his operative Amended Complaint, Plaintiff requests for relief: (1) "Notice and opportunity for hearing appropriate to the nature of the case;" (2) "That: Any, City of Fridley officials, have a warrant before entering onto my private property;" (3) "That: Scott Hickok, or any other City of Fridley official, cite the correct statutory authority that grants jurisdiction over a private citizen in exercise of his private rights on private property;" and (4) "U.S. District Court filing fee. $400.00." (Am. Compl. [Docket No. 8], at 8).[2]

Plaintiff filed two Certificates of Service indicating that Defendants had been personally served with his Amended Complaint on July 6, 2020. (Certificates of Service [Docket Nos. 8-2, 8-3]).

On February 1, 2021, this Court noted that Plaintiff had not provided proof that he had served a summons and a copy of the Complaint on Defendants Scott Hickok or the City of Fridley, and this Court ordered Plaintiff to show proof of service or demonstrate good cause for an extension of time to serve Defendants within twenty days. (Order [Docket No. 17]).

On February 19, 2021, Plaintiff filed a response to this Court's February 1, 2021, Order, in which Plaintiff stated that he had already served Defendants with his complaint, but he "inadvertently omitted" the summons from the served documents. [Docket No. 18]. Plaintiff requested an extension of time to serve Defendants with the summons. (Id.). On February 23, 2021, this Court granted Plaintiff's request for an extension of time. (Order [Docket No. 19]).

---

[2] Notably, Plaintiff's Amended Complaint, [Docket No. 8], does not include the equal protection claim that this Court previously recognized. Plaintiff has also omitted many of the factual allegations that were included in his original Complaint. (Compare, Compl. [Docket No. 1], with, Am. Compl. [Docket No. 8]).

On March 19, 2021, Plaintiff filed an affidavit indicating that he had served the summons on Defendants, along with his interrogatory requests. [Docket No. 20].[3]

## II.   DEFENDANTS' MOTION TO DISMISS [Docket No. 22]

On April 9, 2021, Defendants filed their Motion to Dismiss. [Docket No. 22]. Pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6), Defendants move to dismiss Plaintiff's Amended Complaint in its entirety. (Id.).

### A.  Standard of Review

To state a cause of action that will survive a Rule 12(b)(6) motion, a complaint must allege a set of facts, which, if proven true, would entitle the plaintiff to legal redress against the named defendants under an established legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). In short, "the complaint must allege facts, which if true, state a claim as a matter of law." Id. When deciding a Rule 12(b)(6) motion to dismiss, a court generally may not consider materials outside the pleadings and assumes all facts alleged in the complaint are true, construing all reasonable inferences from those facts in the light most favorable to the complainant. Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008); Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough

---

[3] After the filing of Defendants' present Motion to Dismiss, Plaintiff subsequently filed his Amended Complaint a second time, and he indicated that Defendants had again been personally served with his Amended Complaint. (Am. Compl. [Docket No. 30]; Aff. of Service [Docket No. 30-1]).

specificity "to raise a right to relief above the speculative level." Ashcroft v. Iqbal, 556 U.S. 662, 555 (2009). When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" its claims against a defendant "across the line from conceivable to plausible," they may disregard legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81. Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikcon v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see also, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted); see also, Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

### B.  Analysis

Defendants argue that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. (Mem. in Supp. [Docket No. 24], at 1, 4–7). Thus, Defendants contend that Plaintiff's Amended Complaint should be dismissed in its entirety. (Id.).[4] For the reasons explained below, this Court agrees.

Plaintiff's operative Amended Complaint does not assert any cognizable claim.[5] The crux of Plaintiff's Amended Complaint is his assertion that the City of Fridley does not have the authority to regulate him. (See, Am. Compl. [Docket No. 8]). Specifically, Plaintiff contends that because his Residence is private property and he is a private citizen, the City of Fridley has no authority to require him to apply for a rental license before renting the Residence. (See, Id.).[6] Plaintiff's assertion is simply wrong. Indeed, Plaintiff's assertion here is merely another rebranding of so-called "sovereign citizen" arguments, which, as the Court already noted, have been consistently rejected. (See, e.g., Report and Recommendation [Docket No. 7], at 8–12).[7] It is well established that municipalities, such as the City of Fridley, have within their police power the authority to pass ordinances regulating the use of land. See, McCaughtry v. City of Red Wing, 816

---

[4] Defendants also contend that Plaintiff's Amended Complaint should be dismissed for insufficient service of process. (Id. at 1–4). However, Defendants only argument is that they did not receive the summons and complaint together, at the same time. (See, Id.). Defendants conceded at the Motions Hearing, and the record plainly demonstrates, that Defendants were served with both a summons and Plaintiff's Amended Complaint, albeit at separate times.

[5] As already noted, Plaintiff omitted from his Amended Complaint the equal protection claim that the Court previously recognized as the sole claim asserted in his original Complaint.

[6] Plaintiff's Amended Complaint implies that he is presently, or plans to begin, renting his Residence. (See, Id.). Nevertheless, that the Motions Hearing, Plaintiff stated that he is not presently renting his Residence, and he has no intention of doing so.

[7] At the Motions Hearing, Plaintiff emphasized that he was a private citizen and private property owner not a business, and Plaintiff insisted his arguments were not based on a "sovereign citizen" theory. Regardless of the theory, sovereign citizen or otherwise, the City of Fridley clearly has the power and authority to regulate the use of real estate. The City of Fridley informed Plaintiff of its regulations regarding rental property and how to comply with those regulations. Plaintiff simply chose not to comply because he is a private citizen not a business. That argument has no merit and it is clearly within the City of Fridley's police power to enforce rental regulations. Although Plaintiff's Amended Complaint contains some procedural due process language, Plaintiff does not assert any cognizable due process claim. Plaintiff does not allege that he was denied due process in obtaining a rental license. Rather, Plaintiff merely asserts that the City of Fridley has allegedly failed to prove it has the power to regulate him.

N.W.2d 636, 640 (Minn. Ct. App. 2012) ("[L]ocal ordinances are presumed valid and will not be declared unconstitutional unless clearly shown to be so."); see also, Dean v. City of Winona, 843 N.W.2d 249, 257 (Minn. Ct. App. 2014) ("We easily conclude that the public has a sufficient interest in rental housing to justify a municipality's use of police power as a means of regulating such housing."); City of Minneapolis v. Swanson, No. C5-97-312, 1997 WL 471182, at *2 (Minn. Ct. App. Aug. 19, 1997) ("[W]e conclude that requiring a residence address on a rental license application is rationally related to a legitimate governmental interest.").

Therefore, this Court recommends that Defendants' Motion to Dismiss, [Docket No. 22], be **GRANTED**, and Plaintiff's operative Amended Complaint, [Docket No. 8], be **DISMISSED without prejudice**.

## III.   PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF DEFENDANTS ANSWERS TO RULE 33 INTERROGATORIES [Docket No. 32]

On May 5, 2021, Plaintiff filed his present motion to compel which seeks an Order of this Court compelling Defendants to provide full and complete responses to his interrogatory requests. (Mot. to Compel Disc. of Defs. Answers to Rule 33 Interrogatories [Docket No. 32]). Given that this Court has recommended Plaintiff's action be dismissed in its entirety, Plaintiff's motion to compel is moot.[8]

Therefore, Plaintiff's Motion to Compel Discovery of Defendants Answers to Rule 33 Interrogatories, [Docket No. 32], is **DENIED as moot**.

---

[8] In any event, Plaintiff's motion to compel is premature. See, Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

IV.    CONCLUSION

Based on the forgoing, and all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED THAT**:

1.  Defendants' Motion to Dismiss, [Docket No. 22], be **GRANTED**; and

2.  Plaintiff's Amended Complaint, [Docket No. 8], be **DISMISSED without**

    **prejudice**.

Further, based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED THAT**:

**1.**    Plaintiff's Motion to Compel Discovery of Defendants Answers to Rule 33

Interrogatories, [Docket No. 32], is **DENIED as moot**.


Date: August 13, 2021                          s/Leo I. Brisbois
                                               Leo I. Brisbois
                                               U.S. MAGISTRATE JUDGE


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).