UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Douglas Kiewel,

    Plaintiff,

v.

Scott Hickok and City of Fridley,

    Defendants.

**ORDER**
Civil No. 20-1395 ADM/LIB

_____

James Douglas Kiewel, pro se.

Michelle E. Weinberg, Esq., Kennedy & Graven, Chartered, Minneapolis, Minnesota, on behalf of Defendants.

_____

    This matter is before the undersigned United States District Judge for a ruling on Plaintiff James Douglas Kiewel's ("Kiewel") Objections [Docket No. 53] to Magistrate Judge Leo I. Brisbois' August 13, 2021 Report and Recommendation [Docket No. 51] ("R&R"). In the R&R, Judge Brisbois recommends granting Defendants Scott Hickok and City of Fridley's (collectively, "Defendants") Motion to Dismiss [Docket No. 22], dismissing Kiewel's Amended Complaint [Docket No. 8] without prejudice, and denying as moot Kiewel's Motion to Compel [Docket No. 32].

    Defendants have not filed a response to the Objections. After the time for responding to the Objections expired, Kiewel filed a Motion for Judgment on the Pleadings [Docket No. 57]. For the reasons stated below, the Objections are overruled, the R&R is adopted in full, Defendants' Motion to Dismiss is granted, Kiewel's Motion to Compel is denied as moot, and Kiewel's Motion for Judgment on the Pleadings is denied as moot.

    In reviewing a magistrate judge's report and recommendation, the district court "shall

make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

After de novo review, the Court agrees with the reasoning in the R&R and the conclusion that the Amended Complaint fails to state a claim upon which relief can be granted.  Kiewel claims in the Amended Complaint that the City of Fridley lacks authority to require him to apply for a rental license before renting a residence he owns in Fridley.  Am. Compl. ¶¶ 9–13.  As the R&R correctly determined, this claim is not cognizable because "the public has a sufficient interest in rental housing to justify a municipality's use of police power as a means of regulating such housing."  Dean v. City of Winona, 843 N.W.2d 249, 257 (Minn. Ct. App. 2014).  The R&R also correctly concluded that the Amended Complaint fails to state a plausible due process claim.  R&R at 6 n.7.

Kiewel objects to these conclusions.  Most of the objections are based on arguments that were presented to and rejected by Judge Brisbois.  See Obj. at 3–17.  The Court has considered these arguments and concludes they lack merit for the reasons stated in the R&R.

Kiewel also argues that the R&R did not address three statutory provisions cited in the original Complaint [Docket No. 1], namely 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1985.  See Obj. at 1–2, 11.  Kiewel did not include these statutes in the Amended Complaint, which is the operative Complaint in this case.  Even if he had, the Amended Complaint would still fail to state a plausible claim for relief.  The first two statutes, 28 U.S.C. § 1331 and 28 U.S.C. § 1343, are merely jurisdictional.  See 28 U.S.C. § 1331 (giving district courts federal

question jurisdiction);  28 U.S.C. § 1343 (giving district courts jurisdiction over civil actions arising under 42 U.S.C. § 1985).  The third statute, 42 U.S.C. § 1985, prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws."  To state an equal protection claim, Kiewel must allege that he was treated differently from others similar situated to him.  <u>Johnson v. City of Minneapolis</u>, 152 F.3d 859, 863 (8th Cir. 1998).  Kiewel makes no such allegations in the original or Amended Complaint.  Accordingly, Kiewel's objections are overruled and the R&R is adopted in full.

Because the R&R is adopted and the Amended Complaint is dismissed, Kiewel's Motion for Judgment on the Pleadings is denied as moot.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Douglas Kiewel's Objections [Docket No. 53] to Magistrate Judge Leo I. Brisbois' August 13, 2021 Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation [Docket No. 51] is **ADOPTED**;

3. Defendants' Motion to Dismiss [Docket No. 22] is **GRANTED**;

4. Kiewel's Amended Complaint [Docket No. 8] is **DISMISSED without prejudice**; and

5. Kiewel's Motion to Compel [Docket No. 32] is **DENIED as moot**; and

6. Kiewel's Motion for Judgment on the Pleadings [Docket No. 57] is **DENIED as moot** .

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: September 28, 2021

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE